UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KIRK LOFTIS,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>TIM WENGLER, THOMAS KESSLER, JOSEPH CARDONA, ALEC THACKER, DAN LAMBERT, DR. DAVID AGLER, DR. STANDER, CAPT. C. PENN, ZARA MARTIN, CORIZON, and CCA,<br><br>　　　　　　　Defendants. | Case No. 1:12-cv-00359-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Plaintiff is a prisoner in the custody of the Idaho Department of Correction (IDOC) and is represented by counsel in this civil rights action alleging violation of Plaintiff's Eighth Amendment right to adequate prison medical care. Now pending before the Court is Defendant Martin's Motion to Dismiss Pursuant to Rule 12(b)(6). (Dkt. 37.) As the Court noted in its Order dated May 28, 2013, Defendant Martin is the only remaining Defendant against whom Plaintiff may proceed. (Dkt. 35 at 3-4.) Plaintiff claims Defendant Martin violated the Eighth Amendment by failing to ensure that Plaintiff received adequate medical treatment for a broken wrist.

**MEMORANDUM DECISION AND ORDER - 1**

Having carefully reviewed the record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that the decisional process would not be significantly aided by oral argument. Therefore, the Court shall decide this matter on the written motions, briefs and record without oral argument. D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting Defendant Martin's Motion and dismissing this case with prejudice.

## FACTUAL ALLEGATIONS

The events giving rise to Plaintiff's claims occurred while Plaintiff was incarcerated at the Idaho Correctional Center (ICC), a prison operated by a private company under contract with the IDOC. In the Second Amended Complaint, Plaintiff alleges that in late 2010, he "fell on any icy exercise yard, breaking his left wrist and injuring his left thumb." (Sec. Am. Compl., Dkt. 32-2 & 40, at ¶ 12.) Medical staff did not "immediately treat" Plaintiff's injuries, but later gave him over-the-counter pain medication and an ace bandage. (*Id*. at ¶ 13.) X-rays were taken in January 2011, but Plaintiff was not given any diagnosis. (*Id*. at ¶ 15.)

Because Plaintiff was still in pain six months later, medical staff took another set of X-rays, but Plaintiff again did not receive a diagnosis. (*Id*. at ¶ 16.) A cat scan was performed sometime after the second X-ray, and it was not until ten months after the injury that "someone at ICC medical admitted to the Plaintiff that his wrist was broken." (*Id.* at ¶ 17.) Plaintiff continued to suffer delays in his medical treatment despite filing

numerous grievances. Plaintiff states that he "complained of his situation to Defendant Zara Martin to no avail." (*Id.* at ¶ 20.)

Plaintiff alleges that at the time giving rise to Plaintiff's claims, Defendant Martin "was employed by the [IDOC] as a contract monitor. Martin was under a duty to see that prisoners receive reasonably adequate medical care. Martin was under a duty to investigate and report violations of IDOC's contracts . . . as well as other violations of the law that occur within those contracts." (*Id.* at ¶ 6.)

The Second Amended Complaint contains no other specific allegations against Defendant Martin.

## DISCUSSION

1.  **Standard of Law Applicable to a Motion to Dismiss**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

**MEMORANDUM DECISION AND ORDER - 3**

draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* at 557 (alteration omitted).

The Supreme Court has identified two "working principles" that underlie this dismissal standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

2. **Standard of Law for Section 1983 Claims**

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

**MEMORANDUM DECISION AND ORDER - 4**

Section 1983 is "'not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

Prison officials are generally not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). This causal connection "can be established by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury." *Id.* at 1207-08 (internal quotation marks, citation, and alterations omitted).

Even if a plaintiff is able to show a violation of a constitutional right under § 1983, a defendant may still be entitled to dismissal on the basis of qualified immunity. The doctrine of qualified immunity protects state officials from personal liability for on-the-job conduct so long as the conduct is objectively reasonable and does not violate an inmate's clearly-established federal rights. *Harlow v. Fitzgerald*, 457 U.S. 800, 818

(1982). Contrarily, a state official may be held personally liable in a § 1983 action if he knew or should have known that he was violating a plaintiff's clearly-established federal rights. *Id*. True to its dual purposes of protecting state actors who act in good faith and redressing clear wrongs caused by state actors, the qualified immunity standard "gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (internal quotation marks omitted).

A qualified immunity analysis consists of two prongs: (1) whether, "[t]aken in the light most favorable to the party asserting the injury, . . . the facts alleged show the [defendant's] conduct violated a constitutional right"; and (2) whether that right was clearly established. *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *modified by Pearson v. Callahan*, 555 U.S. 223 (2009). Addressing the two prongs of the test in this order is often beneficial, but it is not mandatory. Courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson*, 555 U.S. at 236.

To determine whether the right was clearly established, a court turns to Supreme Court and Ninth Circuit law existing at the time of the alleged act. *Osolinski v. Kane*, 92 F.3d 934, 936 (9th Cir. 1996). In the absence of binding precedent, the district courts should look to available decisions of other circuits and district courts to ascertain whether the law is clearly established. *Id.*

**MEMORANDUM DECISION AND ORDER - 6**

The inquiry of whether a right was clearly established "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Saucier*, 533 U.S. at 201. For the law to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand" that his conduct violates that right. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). It is not necessary that the "very action in question has previously been held unlawful," but "in the light of pre-existing law the unlawfulness must be apparent" to the official. *Id*. "The relevant, dispositive inquiry is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202 (citing *Wilson v. Layne*, 526 U.S. 603, 615 (1999)). Application of qualified immunity is appropriate where "the law did not put the [defendant] on notice that his conduct would be clearly unlawful." *Id.*

3.  **Eighth Amendment Standard of Law**

Plaintiff asserts that Defendant Martin's actions violated the Eighth Amendment's prohibition against cruel and unusual punishment. The Eighth Amendment requires that prisoners receive minimally adequate medical care, and prison officials or prison medical providers can be held liable if their "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth

Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

The Ninth Circuit has defined a "serious medical need" in the following ways:

> failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain[;] . . . [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain . . . .

*McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992) (internal citations omitted), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A conclusion that a defendant acted with deliberate indifference requires that the plaintiff show both "a purposeful act or failure to respond to a prisoner's pain or possible medical need and . . . harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). To exhibit deliberate indifference, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). In the medical context, deliberate indifference can be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104-05 (footnotes omitted).

Non-medical prison personnel are generally entitled to rely on the opinions of medical professionals with respect to appropriate medical treatment of an inmate. However, if "a reasonable person would likely determine [the medical treatment] to be inferior," the fact that an official is not medically trained will not shield that official from liability for deliberate indifference. *Snow v. McDaniel*, 681 F.3d 978, 986 (9th Cir. 2012); *see also McGee v. Adams*, 721 F.3d 474, 483 (7th Cir. 2013) (stating that non-medical personnel may rely on medical opinions of health care professionals unless "they have a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner.") (internal quotation marks omitted).

Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). "[T]o prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk' to the prisoner's health." *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (alteration omitted) (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)).

Mere indifference, medical malpractice, or negligence will not support a cause of action under the Eighth Amendment. *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam). A mere delay in treatment does not constitute a violation of the Eighth Amendment unless the delay causes further harm. *McGuckin*, 974 F.2d at 1060. If

**MEMORANDUM DECISION AND ORDER - 9**

medical personnel have been "consistently responsive to [the inmate's] medical needs," and there has been no showing that the medical personnel had "subjective knowledge and conscious disregard of a substantial risk of serious injury," there is no Eighth Amendment violation. *Toguchi*, 391 F.3d at 1061.

The Eighth Amendment does not provide a right to a specific treatment. *See Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997) ("[The plaintiff] is not entitled to demand specific care. She is not entitled to the best care possible. She is entitled to reasonable measures to meet a substantial risk of serious harm to her."). And there is no constitutional right to an outside medical provider of one's own choice. *Roberts v. Spalding*, 783 F.2d 867, 870 (9th Cir. 1986) ("A prison inmate has no independent constitutional right to outside medical care additional and supplemental to the medical care provided by the prison staff within the institution.").

4.   **Analysis**

Plaintiff has not sufficiently alleged that Defendant Martin personally participated in his allegedly inadequate medical care or that Martin is subject to supervisory liability. *See Taylor*, 880 F.2d at 1045; *Starr*, 652 F.3d at 1207. Rather, Plaintiff "tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks and alteration omitted). Plaintiff alleges only that he complained of the "situation" to Defendant Martin. (Sec. Am. Compl. at ¶ 20.) He does not detail what information he told Martin about his medical care or when he brought that information to her attention, nor does he assert that Martin had any authority to alter the treatment he

**MEMORANDUM DECISION AND ORDER - 10**

was receiving from prison medical personnel. Plaintiff has also not alleged that Martin is medically trained, and there is nothing in the Second Amended Complaint to plausibly suggest that a reasonable person in Martin's position would have determined that Plaintiff's treatment was inferior. *See Snow*, 681 F.3d at 986. For these reasons, Plaintiff has not plausibly alleged that Defendant Martin violated the Eighth Amendment.

Plaintiff has also not shown that clearly established law would have put a reasonable prison contract monitor on notice that failing to act on the information Plaintiff provided would be unlawful. *See Saucier*, 533 U.S. at 202. Plaintiff argues that "any lay person understands that a broken bone needs immediate attention." (Response to Mot. to Dismiss, Dkt. 42, at 4.) However, as noted above, Plaintiff does not describe what Plaintiff actually told Martin about his medical care, or when he did so. Was it before or after he was diagnosed with a broken bone? Was it a general complaint that he was being denied adequate medical care, or was it a specific and detailed request for assistance? The Second Amended Complaint contains no answers.

Therefore, even assuming that Martin should have responded to Plaintiff's communication by investigating his claims of inadequate medical treatment, Martin is entitled to qualified immunity. Plaintiff's allegations do not support an inference that Martin was plainly incompetent or knowingly violated Plaintiff's Eighth Amendment right to adequate medical care. *See Hunter*, 502 U.S. at 229.

# ORDER

**IT IS ORDERED:**

1. Defendant Martin's Motion to Dismiss (Dkt. 37) is GRANTED.

2. Because Plaintiff (who is represented by counsel) has not requested leave to amend his complaint a third time, this case is DISMISSED with prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(g).

DATED: **January 14, 2014**

Honorable Edward J. Lodge
U. S. District Judge