UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KIRK LOFTIS,<br><br>                Plaintiff,<br><br>    v.<br><br>TIM WENGLER, THOMAS KESSLER, ALEC THACKER, DR. DAVID AGLER, CAPT. C. PENN, ZARA MARTIN,<br><br>                Defendants. | Case No. 1:12-cv-00359-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

       Currently pending before the Court is Plaintiff's Motion to Reconsider (Dkt. 47). Having carefully reviewed the record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that the decisional process would not be significantly aided by oral arguments. Therefore, the Court will decide the matter on the written motions, briefs and record. D. Idaho L. Civ. R. 7.1(d).

# BACKGROUND

Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his Eighth Amendment rights by failing to ensure that he received adequate medical treatment for a broken wrist. (Amend. Compl., Dkt. 7.) The Court allowed Plaintiff to proceed with his claims against the individual defendants only. (Dkt. 11.) On May 28, 2013, the Court dismissed all the individual defendants, except Defendant Martin. (Dkt. 35.) Plaintiff filed a Second Amended Complaint (Dkt. 40) and on January 14, 2014, the Court granted Defendant Martin's Motion to Dismiss (Dkt. 45). At the end of the decision, the Court stated: "Because Plaintiff (who is represented by counsel) has not requested leave to amend his complaint a third time, this case is DISMISSED with prejudice for failure to state claim upon which relief may be granted." (*Id.* at p. 12.) Judgment was entered the same day dismissing the case with prejudice. (Dkt. 46.) Plaintiff moves to reconsider this decision pursuant to Fed. R. Civ. P. 60(a).

# MOTION FOR RECONSIDERATION

Plaintiff moves this Court to reconsider its decision pursuant to Fed. R. Civ. P. 60(a) which states, in pertinent part, that a court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment , order, or other part of the record."

Plaintiff contends that the Court overlooked his request, in the last sentence of his opposition to Defendant Martin's motion to dismiss, that "[a]lternatively, the Plaintiff requests leave of the Court to amend his complaint to add additional facts that may be

Order - 2

needed." (Dkt. 43, p. 5.)   Plaintiff submits that because the Court specifically stated that he had "not requested leave to amend his complaint" in its decision, the Court made an error that should be corrected pursuant to Rule 60(a).

In response, Defendant argues that there is nothing in the Court's decision that shows dismissal was *not* intended and that the "error" Plaintiff complains of is by no means a "clerical error" that can be remedied under Rule 60(a), because the rule does not apply to changes that are substantive in nature such as this.

In determining whether a mistake may be corrected under Rule 60(a), the focus is on "'what the court *originally intended* to do.'" *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1297 (9th Cir. 2014) (quoting *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987.))  Rule 60(a) is not limited to "clerical" errors such as transcribing the judgment or computational mistakes. *Id*. at 1298.  It also "allows a court to clarify a judgment in order to correct a failure to memorialize part of its decision, to reflect the necessary implications of its original order, to ensure that the court's purpose is fully implemented, or to permit enforcement." *Garamendi v. Henin*, 683 F.3d 1069, 1079 (9th Cir. 2012) (internal quotation marks omitted).  The "touchstone" of Rule 60(a) is "fidelity to the intent behind the original judgment." *Id.* at 1078.

The Court finds the error made in the January 14, 2014 Order (Dkt. 45) is the type envisioned by Rule 60(a). Accordingly, Rule 60(a) is the proper mechanism for resolving the Court's error in overlooking Plaintiff's request for leave to amend. While the error is "substantial" in that it requires vacating the Court's judgment, it is not the type of error that is based on an error of law or the Court changing its mind. *See, e.g., Tattersalls*, 745 F.3d at 1297. The Court explicitly stated that Plaintiff had not requested leave to amend. (Dkt. 47, p. 12.) This was incorrect. While Plaintiff did not file a motion to amend, he did make a request for leave to amend in his opposition brief. (Dkt. 43, p. 5.) The Court finds that correcting this error is consistent with Rule 60(a)'s purpose to conform the order to the Court's original intent. Because the Court specifically relied on the fact that Plaintiff had *not* requested leave to amend, and that was inaccurate, this corrects the Court's order in line with its original intent.

The Court will vacate the judgment (Dkt. 46) and Plaintiff may file a motion for leave to amend his complaint within thirty (30) days of this Order. In accord with the Court's prior orders, this proposed third amended complaint may only address Defendant Martin. If Plaintiff does not file a motion within thirty (30) days, the judgment will be reinstated.

## ORDER

**It is hereby ordered:**

1) Plaintiff's Motion to Reconsider (Dkt. 47) is GRANTED.

2) The Judgment (Dkt. 46) is VACATED.

3) Plaintiff may file a motion for leave to amend to file a third amended complaint within 30 days of this Order.

DATED: **August 27, 2014**

Honorable Edward J. Lodge
U. S. District Judge